FILED

2015 JUL 23 PM 12: 26

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICIA DOUGLAS,

   Plaintiff,

-VS-

CASE NO.: 6:15cv-1185-Orl-22TBS

KOHL'S DEPARTMENT STORES, INC.,

   Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff, Patricia Douglas, by and through the undersigned counsel, and sues Defendant, Kohl's Department Stores, Inc. (hereinafter "Kohl's"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

## INTRODUCTION

1.   The TCPA was enacted to prevent companies like Kohl's from invading American citizen's privacy and prevent abusive "robo-calls."

2.   "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3.   "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give

1

telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." <u>Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones</u>, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

7. The alleged violations described in the Complaint occurred in Brevard County, Florida.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Florida, residing in Brevard County, Florida

9. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

10. Plaintiff is an "alleged debtor."

11. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

12. Defendant, Kohl's, is a corporation with its principal place of business located at 129 Orange St., Wilmington, DE 19801 and which conducts business in the State of Florida through its registered agent, Corporate Creations Network Inc., 11380 Prosperity Farms Rd. #221E, Palm Beach Gardens, FL 33410.

13. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

14. Kohl's called Plaintiff approximately three hundred (300) times since January 1, 2015, in an attempt to collect a debt.

15. Kohl's attempted to collect a debt from Plaintiff by this campaign of telephone calls.

16. Kohl's intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day and on back to back days, with such frequency as can reasonably be expected to harass.

17. On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention

18. Each call Kohl's made to Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C § 227(a)(1).

19. Each call Kohl's made to Plaintiff's cell phone was done so without the "express permission" of Plaintiff.

20. Beginning on or around January 2015, Plaintiff became ill which caused her to miss work and thus be unable to pay on her Kohl's account.

21. Shortly thereafter, on or around January 2015, Kohl's began bombarding Plaintiff's cellular telephone (***) ***-0404, with automated calls attempting to collect on the outstanding debt.

22. In early February 2015, Plaintiff answered a call from an agent of Kohl's an explained that she has been ill, that Plaintiff is not trying to avoid making a payment however she has no money to make a payment and upon going back to work would resume her payments, she asked Kohl's that in the meantime to please stop incessantly calling her.

23. Despite her request for the calls to stop Kohl's continued to place an onslaught of automated calls

24. On approximately three (3) or four (4) subsequent occasions Plaintiff spoke to agents of Kohl's and once again reiterated that she would make a payment when she had the money and to please stop calling, however her requests for cessation were in vain as Kohl's continued to place automated calls to her cell phone.

25. Due to the tremendous volume of robo-calls she received from Kohl's, Plaintiff was not able to keep track of every call she received, however below is a sampling of the onslaught she suffered:

    i)      2 calls on May 19, 2015 at 3:14pm and 8:28pm

    ii)      1 call on April 27, 2015 at 2:39pm

    iii)      3 calls on April 28, 2015 at 9:27am, 3:07pm and 6:21pm

    iv)      4 calls on April 29, 2015 at 8:18am, 2:09pm, 3:43pm and 6:28pm

    v)      4 calls on April 30, 2015 at 8:28am, 1:35pm, 3:24pm and 8:23pm

    vi)      4 calls on May 1, 2015 at 8:15am, 10:29am, 12:56pm and 5:23pm

    vii)      4 calls on May 2, 2015 at 8:06am, 9:52am, 12:43pm and 5:18pm

    viii)      4 calls on May 3, 2015 at 8:17am, 11:48am, 2:46pm and 8:11pm

ix)   5 calls on May 6, 2015 at 8:25am, 1:31pm, 2:51pm, 6:26pm and 8:20pm

x)    4 calls on May 7, 2015 at 8:23am, 2:07pm, 3:47pm and 6:30pm

xi)   4 calls on May 8, 2015 at 8:21am, 1:53pm, 3:43pm and 6:32pm

xii)  4 calls on May 9, 2015 at 8:17am, 12:18pm, 3:06pm and 4:36pm

xiii) 1 call on May 10, 2015 at 1:52pm

xiv)  4 calls on May 11, 2015 at 9:11am, 1:09pm, 4:10pm and 7:27pm

xv)   1 call on May 12, 2015 at 10:04am

xvi)  4 calls on May 13, 2015 at 9:09am, 2:04pm, 6:11pm and 7:58pm

xvii) 4 calls on May 14, 2015 at 8:25am, 1:38pm, 4:04pm and 5:16pm

xviii) 3 calls on May 15, 1015 at 8:25am, 2:25pm and 4:40 pm

xix)  4 calls on May 16, 2015 at 8:23am, 11:29pm, 3:12pm and 6:09pm

xx)   4 calls on May 17, 2015 at 9:04am, 12:00pm, 3:33pm and 8:23pm

xxi)  5 calls on May 18, 2015 at 8:27am, 1:23pm, 3:32pm, 6:56pm and 8:13pm

xxii) 4 calls on May 19, 2015 at 8:27am, 1:31pm, 4:20pm and 6:44pm

xxiii) 3 calls on May 20, 2015 at 1:04am, 1:39pm and 4:16pm

xxiv) 5 calls on May 21, 2015 at 9:10am, 2:33pm, 4:10pm, 6:56pm and 8:58pm

xxv)  3 calls on May 22, 2015 at 8:23am, 2:32pm and 5:20pm

xxvi) 1 call on May 23, 2015 at 11:59am

xxvii) 3 calls on May 24, 2015 at 8:32am, 1:38pm and 3:28pm

xxviii) 5 calls on May 26, 2015 at 8:23am, 1:26pm, 5:16pm, 6:19pm and 8:09pm

xxix) 3 calls on May 27, 2015 at 9:11am, 2:30pm and 4:50pm

xxx)  1 call on May 25, 2015 at 12:39pm

xxxi) 4 calls on May 28, 2015 at 9:07am, 1:36pm, 4:08pm and 6:10pm

xxxii) 3 calls on May 29, 2015 at 8:20am, 1:04pm and 3:17pm

xxxiii) 1 call on May 30, 2015

xxxiv) 4 calls on May 31, 2015 at 9:02am, 12:00pm, 3:18pm and 7:11pm

xxxv) 4 calls on June 1, 2015 at 8:36am, 12:35pm, 2:35pm and 4:43pm

xxxvi) 4 calls on June 2, 2015 at 9:29am, 11:25pm, 4:32pm and 6:55pm

xxxvii) 3 calls on June 3, 2015 at 11:01am, 3:25pm and 8:30pm

xxxviii) 4 calls on June 4, 2015 at 12:30pm, 2:11pm, 3:41pm and 5:34pm

xxxix) 3 calls on June 5, 2015 at 8:19am, 1:03pm and 3:21pm

xl) 6 calls on June 6, 2015 at 8:11am, 11:27am, 12:45am, 3:41pm, 3:23pm and 6:09pm

xli) 4 calls on June 7, 2015 at 8:49am, 11:57am, 4:19pm and 8:36pm

xlii) 4 calls on June 8, 2015 at 9:07am, 1:56pm, 4:49pm and 7:10pm

xliii) 4 calls on June 9, 2015 at 9:14am, 1:29pm, 4:18pm and 7:51pm

xliv) 5 calls on June 10, 2015 at 11:08am, 1:37pm, 3:10pm, 4:25pm and 7:27pm

xlv) 5 calls on June 11, 2015 at 1:30pm, 4:25pm, 6:18pm, 6:26pm and 7:47pm

xlvi) 3 calls on June 12, 2015 at 8:18am, 2:08pm and 6:18pm

xlvii) 3 calls on June 13, 2015 at 8:30am, 2:38pm and 4:52pm

xlviii) 4 calls on June 14, 2015 at 8:59am, 1:35pm, 3:51pm and 8:44pm

xlix) 4 calls on June 15, 2015 at 9:17am, 3:57pm, 6:48pm and 7:01pm

l) 5 calls on June 16, 2015 at 9:12am, 1:26pm, 1:44pm, 4:16pm and 7:37pm

li) 4 calls on June 17, 2015 at 11:51am, 1:16pm, 3:38pm and 5:54pm

lii) 5 calls on June 18, 2015 at 10:34am, 1:13pm, 3:29pm, 4:54pm and 8:41pm

liii) 2 calls on June 19, 2015 at 8:15am and 12:46pm

   liv) 3 calls on June 20, 2015 at 8:52am, 1:52pm and 4:17pm

   lv) 1 call on June 21, 2015 at 11:49am

   lvi) 2 calls on June 22, 2015 at 8:42am and 2:51pm

26. Kohl's has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

27. Kohl's has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or Kohl's, to remove the number.

28. Kohl's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Kohl's they wish for the calls to stop.

29. Kohl's has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

30. Recently a case with facts very similar to this matter was filed in the Eastern District of Michigan and garnered media attention (See Attached Exhibit "1").

31. Kohl's has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite being requested to stop.

32. Kohl's has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers. A small sampling of such complaints against Kohl's is attached hereto as Exhibit "2."

33. Kohl's corporate policy provided no means for Plaintiff to have her number removed from the call list.

34. Kohl's has a corporate policy to harass and abuse individuals despite actual knowledge the called parties wish for the calls to cease.

35. Plaintiff did not expressly consent to Kohl's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Kohl's placement of the calls.

36. Not a single call placed by Kohl's to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

37. Kohl's willfully and/or knowingly violated the TCPA with respect to Plaintiff.

## COUNT I
### (Violation of the TCPA)

38. Plaintiff incorporates Paragraphs one (1) through thirty-six (36).

39. Defendant willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

40. Defendant knowingly violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

41. Kohl's repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Kohl's for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

42. Plaintiff incorporates one (1) through thirty-six (36).

43. At all times relevant to this action Kohl's is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

44. Kohl's has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

45. Kohl's has violated Florida Statute § 559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

46. Kohl's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Kohl's for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

_____
William Peerce Howard, Esq.
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
bhoward@forthepeople.com
Florida Bar #: 0103330
Attorney for Plaintiff