UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICIA DOUGLAS,

      Plaintiff,

v.                                                             Case No:   6:15-cv-1185-Orl-22TBS

KOHL'S DEPARTMENT STORES, INC.,

      Defendant.

_____

## ORDER

      Plaintiff Patricia Douglas alleges that Defendant Kohl's Department Stores, Inc.,

violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and

the Florida Consumer Collection Practices Act, FLA. STAT. § 559.55 *et seq.*, by repeatedly

phoning her in an attempt to collect a debt (Doc. 1).   The case comes before the Court

without oral argument on Plaintiff's Second Motion to Compel (Doc. 41), and Defendant

Kohl's Department Stores, Inc.'s Opposition to Plaintiff's Motion to Compel (Doc. 51).

For the reasons that follow, the motion is **GRANTED in part** and **DENIED in part** as

follows.

      "Parties may obtain discovery regarding any nonprivileged matter that is relevant

to any party's claim or defense and proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties'

relative access to relevant information, the parties' resources, the importance of the

discovery in resolving the issues, and whether the burden or expense of the proposed

discovery outweighs its likely benefit."   FED. R. CIV. P. 26(b)(1).

Parties may serve requests "to produce and permit the requesting party or its representative to inspect, copy, test, or sample" documents, electronically stored information, or other "tangible things" that are "in the responding party's possession, custody, or control."  FED. R. CIV. P. 34(a)(1).   Requests "(A) must describe with reasonable particularity each item or category of items to be inspected; (B) must specify a reasonable time, place, and manner for the inspection ... ; and (C) may specify the form or forms in which the electronically stored information is to be produced."  FED. R. CIV. P. 34(b)(1).   The recipient of a request for production has 30 days to respond.  FED. R. CIV. P. 34(b)(2)(A).   For each request, the responding party "must either state that inspection ... will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."  FED. R. CIV. P. 34(b)(2)(B).   "An objection must state whether any responsive materials are being withheld on the basis of that objection.   An objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(C).   Documents must be produced as they are kept in the ordinary course of business or must be "organize[d] and label[ed] to correspond to the categories in the request."  FED. R. CIV. P. 34(b)(2)(E)(i).   "[A]n evasive or incomplete disclosure, answer, or response" to a discovery request is "treated as a failure to disclose, answer, or respond."  FED. R. CIV. P. 37(a)(4).

When a party "fails to respond that inspection will be permitted–or fails to permit inspection–as requested under Rule 34," the requesting party can move for an order compelling production.  FED. R. CIV. P. 37(a)(3)(B)(iv).   The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without

court action." FED. R. CIV. P. 37(a)(1).  <u>See also</u> M.D. FLA. R. 3.01(g).   Plaintiff has

satisfied this prerequisite.

"The proponent of a motion to compel discovery … bears the initial burden of

proving that the information sought is relevant."   <u>Moore v. Lender Processing Servs. Inc.</u>,

No. 3:12-CV-205-J, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013) (internal quotations

omitted) (quoting <u>Diamond State Ins. Co. v. His House, Inc.</u>, No. 10-20039-CIV, 2011 WL

146837, at *5 (S.D. Fla. Jan. 18, 2011)).

When Plaintiff propounded the requests for the production is unknown because

she neglected to include this information in her motion.   The motion to compel concerns

the following requests and responses:

> **Request No. 21:** Copies of all internal memoranda, bulletins, letters, committee or team reports, emails, meeting minutes, or other documents created or modified during the "relevant time period" which instructs or notify your employees, representatives or agents how to respond to or handle any complaints, claims, verbal requests for a cease and desist of Defendant's "telephone calls," and/or other requests to discontinue Defendant's "telephone calls."

> **Response to Request No. 21:** In response to Request Number 21, Defendant incorporates by reference all General Objections set forth above.   Defendant further objects to this Request on the grounds that: (a) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (b) it calls for documents and/or communications protected by attorney-client privilege or work product privilege.

> **Request No. 22:** Copies of all internal emails sent to or received by members of the Defendant's board of directors concerning the TCPA including, but not limited to, violations of the TCPA, actions that should be taken to curb violations of the TCPA, actions that should be taken to comply with the TCPA and Defendant's use of an "automatic telephone dialing system," "artificial voice," and/or "prerecorded voice."

> **Response to Request No. 22:** In response to Request Number 22, Defendant incorporates by reference all General

Objections set forth above.   Defendant further objects to this Request on the grounds that: (a) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overly broad and unduly burdensome; (c) there is no time period restriction on the request; (d) it would require Defendant to draw multiple legal conclusions in order to respond; and (e) it calls for documents and/or communications protected by attorney-client privilege or work product privilege.

**Request No. 24:** Copies of all internal emails sent to or received by the Vice-President of the Defendant concerning the TCPA including, but not limited to, violations of the TCPA, actions that should be taken to curb violations of the TCPA, actions that should be taken to comply with the TCPA and Defendant's use of an "automatic telephone dialing system," "artificial voice," and/or "prerecorded voice."

**Response to Request No. 24:** In response to Request Number 24, Defendant incorporates by reference all General Objections set forth above.   Defendant further objects to this Request on the grounds that: (a) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overly broad and unduly burdensome; (c) there is no time period restriction on the request; (d) it would require Defendant to draw multiple legal conclusions in order to respond; and (e) it calls for documents and/or communications protected by attorney-client privilege or work product privilege.

**Request No. 25:** Copies of all internal emails sent to or received by Defendant's compliance directors concerning the TCPA including but not limited to, violations of the TCPA, actions that should be taken to curb violations of the TCPA, actions that should be taken to comply with the TCPA and Defendant's use of an "automatic telephone dialing system," "artificial voice," and/or "prerecorded voice."

**Response to Request No. 25:** In response to Request Number 25, Defendant incorporates by reference all General Objections set forth above.   Defendant further objects to this Request on the grounds that: (a) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overly broad and unduly burdensome; (c) there is no time period restriction on the request; (d) it would require Defendant to draw multiple legal conclusions in order to respond; and (e) it calls for

> documents and/or communications protected by attorney-
> client privilege or work product privilege.

(Id.).

Defendant represents that it "has already produced to Plaintiff everything in its custody, possession, and control regarding its relationship and communications with her (including the calls placed to her), as well as all of its policies and procedures pertaining to compliance with the TCPA."  (Doc. 51 at 1-2).   Concerning Request No. 21, Defendant represents that it has conducted a reasonable search and produced all of its procedures, policies, practices and instructional materials provided to its employees, including with respect to handling complaints and requests for calls to cease (Id. at 4, 8-9).   These documents were produced in productions made on March 18, March 28, and April 1, 2016 (Id. at 9).   Defendant has not explained why a portion of these documents were produced only after Plaintiff filed her motion to compel, and it is unclear whether Defendant's production is complete.   Defendant has not withdrawn its objections to Request No. 21, and has failed to state whether any responsive materials are being withheld on the basis of its objections.   See FED. R. CIV. P. 34(b)(2)(C).   Defendant shall comply in full with Rule 34(b)(2)(C) within seven (7) days from the rendition of this Order. To the extent that Defendant still objects on the basis that the production calls for information protected by attorney-client privilege or work product privilege, it must also comply with Rule 26(b)(5)(A).

Request Nos. 22, 24, and 25 seek all internal emails sent to and from Defendant's board of directors, "the Vice-President of the Defendant," and Defendant's compliance directors, from January 1, 2015 to date concerning the TCPA.   After interposing numerous objections to these requests, Defendant argues that Plaintiff "has not met her

burden to demonstrate the relevance of the information sought" and that "the burden of searching for the information sought is abjectly disproportional to the needs of the case." (Doc. 51 at 9).   Defendant argues that Plaintiff's requests are so vague that it cannot determine which of its officers and directors Plaintiff is referring to.   For example, Plaintiff requested emails from "the Vice-President of the Defendant," but Defendant has over 50 employees who hold the title "Vice President."   Regarding proportionality, Defendant's search of emails for one compliance director and one Vice President yielded nearly 3,000 emails containing the phrase "TCPA," which Defendant would have to individually review for responsiveness and privilege (Id. at 10-12).[1]

Plaintiff argues that the internal emails concerning the TCPA from all of Defendant's directors, vice presidents, and compliance directors "are of paramount importance in primarily deciding whether treble damages, as well as punitive damages, are warranted under the TCPA."   (Doc. 41 at 9).   "If the court finds that the defendant willfully or knowingly violated [the TCPA,] the court may, in its discretion," treble the damages available under § 227(b)(3)(B).   47 U.S.C. § 227(b)(3).   See also Alea London Ltd. v. Am. Home Servs., Inc., 638 F.3d 768, 776 (11th Cir. 2011).   Plaintiff argues that Defendant could be found to have willfully violated the TCPA, and thus be subject to treble damages, if it continued to call Plaintiff after she asked Defendant to stop calling (Doc. 41 at 9-10).   Plaintiff's argument falls well short of what is required to show relevancy.   She has failed to demonstrate why internal emails from Defendant's board of directors, vice presidents, and compliance directors will aid in determining whether Defendant continued to call her after she asked Defendant to stop, especially considering

---

[1] It is unclear whether Defendant placed a time limit on its search (See Doc. 51-1, ¶ 15).

Defendant has already produced everything in its custody, possession, and control regarding its communications with Plaintiff and its policies and procedures pertaining to compliance with the TCPA.

Plaintiff argues that these requests are also relevant because "[a]ny policies and procedures of the Defendant in regards to making calls is crucial as they would help establish whether Plaintiff is entitled to the garden variety $500 for each illegal call or treble damages per call."   (Doc. 41 at 7).   Defendant's policies and procedures are covered by Request Nos. 21 and 39, not 22, 24, and 25, and Defendant represents that it has already produced all of these materials.   Accordingly, the motion to compel response to Request Nos. 22, 24, and 25 is **DENIED**.

A court must ordinarily award a movant's reasonable expenses incurred in filing a motion to compel, including attorney's fees, if the motion to compel is granted.   FED. R. CIV. P. 37(a)(5)(A).   Where, as here, the motion is granted in part and denied in part, a court is authorized to "apportion the reasonable expenses for the motion."   FED. R. CIV. 37(a)(5)(C).   A court has wide discretion in determining an appropriate sanction under Rule 37.   Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639 (1976). Considering the extent to which each party prevailed, the Court concludes that an award of sanctions to either side would be inappropriate.

**DONE** and **ORDERED** in Orlando, Florida on April 25, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record